1   **WO**

2

3

4

5

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

8

9   Jimmy Wayne Guinard,                No. CV-19-08155-PCT-DGC (MHB)

10              Petitioner,             **ORDER**

11   v.

12   David Shinn, Director of the Arizona
    Department of Corrections; and Attorney
13   General of the State of Arizona,

14             Respondents.

15

16

17         Petitioner Jimmy Guinard is confined in Arizona state prison.  He commenced this

18 federal action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

19 Docs. 1, 6.  Magistrate Judge Michelle Burns has issued a thorough and thoughtful report

20 recommending that the Court deny the petition and a certificate of appealability ("R&R").

21 Doc. 38.  Guinard has filed an objection, which is fully briefed.  Docs. 39, 40, 41.  For

22 reasons stated below, the Court will accept the R&R and deny the petition and a certificate

23 of appealability.

24   **I.**    **Background.**

25         Guinard challenges his convictions and sentences in two Yavapai County Superior

26 Court cases: No. P1300CR2011-01146 ("2011 case") and No. P1300CR2012-00975

27 ("2012 case").  In the 2011 case, a jury convicted Guinard of transporting dangerous drugs

28 for sale and possessing drug paraphernalia.  Doc. 12-4 at 44-46; *see State v. Guinard*, No. 1

CA-CR 13-0490, 2014 WL 2548104, at *1 (Ariz. Ct. App. June 3, 2014).  He was sentenced to an aggregate 20-year term of imprisonment.  *Id.*  The Arizona Court of Appeals affirmed the convictions and sentences, and the Arizona Supreme Court denied review.  Docs. 1-1 at 24-68, 12-4 at 53-72.  Guinard's petitions for post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure 32 were denied.  Docs. 1-3 at 2-5, 34-35; 1-4 at 2-14, 22-39; 12-4 at 75-80; 12-5 at 2-8.

In the 2012 case, a jury convicted Guinard of transporting dangerous drugs for sale and possessing methamphetamine paraphernalia.  *See State v. Guinard*, No. 1 CA-CR 14-0810, 2015 WL 4747890, at *1 (Ariz. Ct. App. Aug. 11, 2015).  The trial court sentenced Guinard to a five-year term on the transportation count and an eight-month term on the paraphernalia count.  *See id.*; Doc. 12-8 at 25-26.  The court ordered the sentences to run concurrently to each other and consecutive to the 20-year sentence imposed in the 2011 case.  *Id.*  The convictions and sentences were affirmed on appeal.  *See Guinard*, 2015 WL 4747890, at *6.  Guinard's PCR petitions were denied.  Docs. 1-6 at 18-45, 1-7 at 2-3, 12-8 at 53-62.

## II.    Federal Habeas Standards.

### A.    Exhaustion and Procedural Default.

Federal habeas petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq.  The AEDPA prohibits a federal court from granting habeas relief unless the petitioner has "exhausted the remedies available in the courts of the State[.]"  28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Kyzar v. Ryan*, 780 F.3d 940, 946 (9th Cir. 2015). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]"  *O'Sullivan*, 526 U.S. at 845.  To "fairly present" a federal claim in state court, the petitioner must provide the factual and legal basis for the claim.  *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009).  He must "make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to

1    federal case law."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *see*

2    *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state

3    court to the fact that he is raising a federal constitutional claim, his federal claim is

4    unexhausted regardless of its similarity to the issues raised in state court.").

5            An unexhausted claim is procedurally defaulted where state procedural rules make

6    a return to state court futile.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)

7    (claims are barred from habeas review when not first raised before state courts and those

8    courts "would now find the claims procedurally barred").  A federal court may not consider

9    the merits of a procedurally defaulted claim unless the petitioner establishes cause for the

10   default and actual prejudice, or shows that a miscarriage of justice would result.  *See*

11   *Coleman*, 501 U.S. at 750-51; *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Under the cause

12   and prejudice test, the petitioner must show that some external cause prevented him from

13   following the procedural rules of the state court and fairly presenting his claim.  *See*

14   *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) ("A showing of cause must

15   ordinarily turn on whether the prisoner can show that some objective factor external to the

16   defense impeded [the prisoner's] efforts to comply with the State's procedural rule.  Thus,

17   cause is an external impediment such as government interference or reasonable

18   unavailability of a claim's factual basis.") (citations omitted).  A fundamental miscarriage

19   of justice exists when a constitutional violation has resulted in the conviction of one who

20   is "actually innocent."  *Schlup*, 513 U.S. at  327.  "Actual innocence," for purposes of

21   *Schlup*, "means factual innocence, not mere legal insufficiency."  *Bousley v. United States*,

22   523 U.S. 614, 623 (1998); *see House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that

23   "the *Schlup* standard is demanding and permits review only in the 'extraordinary' case").

24           Where the petitioner attempts to exhaust a federal claim in state court and the claim

25   is deemed waived for "noncompliance with a state procedural rule, the federal claim is

26   procedurally defaulted[.]" *Smith v. Or. Bd. of Parole & Post-Prison Supervision*, 736 F.3d

27   857, 862 (9th Cir. 2013) (citing *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977)).  This

28   procedural default rule applies where "the state procedural rule . . . provide[s] an adequate

1    and independent state law basis on which the state court can deny relief." *Hurles v. Ryan*,

2    752 F.3d 768, 780 (9th Cir. 2014) (quoting *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir.

3    2003)).[1]

4        **B.    Merits.**

5        "In conducting habeas review, a federal court is limited to deciding whether a

6    conviction violated the Constitution, laws, or treaties of the United States." *Estelle v.*

7    *McGuire*, 502 U.S. 62, 68 (1991).  A state prisoner, therefore, may not obtain federal

8    habeas relief for errors of state law.  *See id.* at 67-68 ("[W]e reemphasize that it is not the

9    province of a federal habeas court to reexamine state-court determinations on state-law

10   questions."); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times

11   that federal habeas corpus relief does not lie for errors of state law.") (citations omitted);

12   *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) ("A violation of state law standing

13   alone is not cognizable in federal court on habeas.") (citations omitted).

14       With respect to the merits of exhausted and cognizable federal claims, the AEDPA

15   requires federal courts to defer to the last reasoned state court decision.  *See Murray v.*

16   *Schriro*, 882 F.3d 778, 801 (9th Cir. 2018).  Habeas relief is not warranted unless the

17   petitioner shows that the state court's decision was (1) contrary to, or an unreasonable

18   application of, clearly established federal law as determined by the United States Supreme

19   Court, or (2) based on an unreasonable determination of the facts in light of the evidence

20   presented in state court.  28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412-13

21   (2000).

22       This highly deferential standard "demands that state court decisions be given the

23   benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).  Indeed, the AEDPA

24   "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state

25   _____

26       [1] "Arizona's waiver rules are independent and adequate bases for denying relief."
     *Id.* (citing *Stewart v. Smith*, 536 U.S. 856, 859-60 (2002) (denials pursuant to Arizona
27   waiver rules are independent of federal law); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th
     Cir. 1998) (Arizona's waiver rules are consistently and regularly applied)); *see* Ariz. Rs.
28   Crim. P. 32.2(a) (precluding claims not raised on appeal or in prior PCR petitions);
     32.4(b)(3) (time limits for filing PCR petitions); 32.16(a)(1) (petitions for direct review
     must be filed within 30 days of the trial court's decision).

criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).  A federal court therefore must "avoid applying [the] AEDPA in a manner that displays 'a lack of deference to the state court's determination and an improper intervention in state criminal processes.'" *John-Charles v. California*, 646 F.3d 1243, 1253 (9th Cir. 2011) (quoting *Harrington*, 562 U.S. at 104); *see also Christian v. Frank*, 595 F.3d 1076, 1081 (9th Cir. 2010) ("A federal court may second-guess a state court decision only if it determines that 'the state court was not merely wrong, but actually unreasonable.'") (quoting *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004)).

In a recent decision, the Supreme Court reaffirmed the deferential habeas standard and explained why the standard is "difficult to meet":

> The term "unreasonable" [in § 2254(d)] refers not to "ordinary error" or even to circumstances where the petitioner offers "a strong case for relief," but rather to "extreme malfunctions in the state criminal justice system."  In other words, a federal court may intrude on a State's "sovereign power to punish offenders" only when a decision "was so lacking in justification beyond any possibility for fairminded disagreement."

*Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021) (quoting *Harrington*, 562 U.S. at 102-03; alterations omitted).

## III.   Guinard's Habeas Petition and Judge Burns's Amended R&R.

Guinard filed his habeas petition in May 2019.  Doc. 1.  The petition asserts twenty-one grounds for relief, with multiple subclaims alleged in most of the grounds.  *Id.* at 8-34.  In June 2019, Guinard filed a supplement to the petition that asserts additional subclaims.  Doc. 6.  Grounds one through ten address the convictions or sentences in the 2011 case, and the remaining grounds for relief concern the 2012 case.  Doc. 1 at 8-34. Guinard asserts violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights, and specifically alleges insufficient evidence and chain of custody issues; denial of an impartial jury; lowered standard of proof; ineffective assistance of trial, appellate, and PCR counsel; prosecutorial misconduct; judicial bias and malfeasance; entrapment; and compulsory process violations.  *Id.*; Doc. 6 at 2-20; *see also* Doc. 38 at 7 & n.2.

1

2

3

4

      In September 2020, Judge Burns recommended that the petition be denied.  Doc. 23.  Guinard filed an objection contending, among other things, that the claims asserted in his supplement to the petition had not been addressed.  Doc. 26 at 1.  The Court referred the matter to Judge Burns to consider those supplemental claims.  Doc. 32.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

      Judge Burns issued the present amended R&R in May 2021.  Doc. 38.  The 56-page R&R describes the facts and procedural history for the 2011 and 2012 cases (*id.* at 2-7), identifies all claims asserted in the petition and the supplement (*id.* at 7-12), sets forth the standards for federal habeas relief and relevant state law (*id.* at 13-18), and analyzes each claim based on the material facts and applicable law (*id.* at 18-54).  Judge Burns finds that, even when construed liberally in his favor, many of Guinard's claims are procedurally defaulted under the AEDPA because: (1) he failed to present them to the Arizona Court of Appeals on direct review, to the trial court in a PCR petition, or to any state court (*id.* at 18-21);[2] (2) the state courts invoked an independent and adequate state procedural rule in denying the claims – Guinard could have raised the claims on direct review but failed to do so, *see* Ariz. R. Crim. P. 32(a) (*id.* at 21-22);[3] or (3) he failed to fairly present the federal bases for the claims to the state courts (*id.* at 22-23).[4]  Judge Burns further finds that Guinard has established no exception to the procedural default – he has not shown cause and prejudice or a fundamental miscarriage of justice.  *Id.* at 23-28.[5]  With respect to Guinard's remaining claims, Judge Burns finds that they are either conclusory, speculative, not cognizable under federal habeas law, or without merit.  *Id.* at 28-54.  Specifically, Judge

21

22

23

     [2] Grounds three, four, five (subclaims (d)-(f), (j)-(l), (n)-(p)), six, eight (subclaims (g)-(h)), nine (subclaims (a), (c)-(j), (l)-(r)), twelve through fifteen, seventeen (subclaims (b)-(d)), nineteen (subclaims (a), (g)-(h)), and twenty (subclaims (b)-(c), (f)-(h)).  *See id.*

24

25

     [3] Grounds one, eight (subclaims (c)-(f), (i)), ten, nineteen (subclaims (b) and (g)), and twenty-one.  *See id.*

26

     [4] Grounds two, eight (subclaims (a)-(b)), nine (subclaims (b) and (k)), and twenty (subclaim (d)).  *See id.*

27

28

     [5] Judge Burns notes, correctly, that Guinard's status as an inmate, lack of legal knowledge and assistance, and limited legal resources do not establish cause to excuse the procedural default.  *Id.* at 24 (citing *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988)).

1    Burns concludes that Guinard has failed to establish any ineffective assistance of counsel

2    resulting in actual prejudice, *see Strickland v. Washington*, 466 U.S. 668, 687-88 (1984),

3    that the state court's denial of Guinard's exhausted claims was neither contrary to clearly

4    established federal law nor based on an unreasonable determination of facts, *see* 28 U.S.C.

5    § 2254(d)(1), and that the claims otherwise are without merit.  *Id.*

6    **IV.    R&R Standard of Review.**

7           This Court "may accept, reject, or modify, in whole or in part, the findings or

8    recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court "must

9    review the magistrate judge's findings and recommendations de novo if objection is made,

10   but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)

11   (en banc).  The Court is not required to conduct "any review at all . . . of any issue that is

12   not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28

13   U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

14   **V.    Guinard's Objection.**

15          Guinard filed his objection to the amended R&R in June 2021.  Doc. 39.

16   Respondents argue that Guinard's general objection is ineffective, that merely repeating

17   arguments made in his earlier briefing is insufficient, and that the few specific objections

18   he asserts are without merit.  Doc. 40.  The Court agrees.

19          **A.    Guinard's General Objection.**

20          Guinard "objects to all adverse rulings in the R&R[.]"  Doc. 39 at 1.  This is an

21   improper objection.  Rule 72 requires that objections be "specific" to the findings and

22   recommendations of the magistrate judge.  Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. §

23   636(b)(1).  An obvious purpose of this requirement is judicial economy – to permit

24   magistrate judges to resolve matters not objectionable to the parties.  *See Thomas*, 474 U.S.

25   at 149.  Because de novo review of the entire R&R would defeat the efficiencies intended

26   by Congress, Guinard's general objection "has the same effect as would a failure to

27   object."  *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D.

28   Ariz. Sept. 19, 2013).

1      **B.      Guinard's Repetitive Arguments.**

2          Throughout his objection, Guinard repeats arguments previously made in his

3    petition, supplement, and replies to Respondents' answers.  *See* Docs. 1, 6, 21, 22, 37.

4    Guinard states that his "position is set out in a cognizable manner" in his petition and

5    replies, and that he has presented the Court with "factual locations throughout the record"

6    of the alleged federal law violations.  Doc. 39 at 2; *see id.* at 7, 13, 15 (citing generally

7    Docs. 21, 22).  But "merely reasserting the grounds of the petition [and replies] as an

8    objection provides this Court with no guidance as to what portions of the R&R [Guinard]

9    considers to be incorrect."  *McDowell v. Richardson*, No. CV-11-0716-PHX-DGC, 2012

10   WL 393462, at *2 (D. Ariz. Feb. 7, 2012).  As noted, Rule 72 requires objections specific

11   to Judge Burns's findings and recommendations.   This specificity requirement is

12   particularly important in this case given that Guinard asserts dozens of claims related to

13   two different cases and the R&R spans more than 50 pages.  Because "the purpose of the

14   magistrate is to promote efficient use of judicial resources, there is no benefit if the [C]ourt

15   is required to review the entire matter de novo because [Guinard] merely repeats the

16   arguments rejected by [Judge Burns]."  *Quigg v. Salmonsen*, No. CV 18-77-H-DLC-JTJ,

17   2019 WL 1244989, at *1 (D. Mont. Mar. 18, 2019).   The Court accordingly declines

18   Guinard's invitation to review the entire record and the R&R de novo.  *See* Doc. 39 at 16-

19   17;  *Quigg*, 2019 WL 1244989, at *1 ("If the objecting party fails to make a proper

20   objection, this Court follows other courts that have overruled the objections without

21   analysis.") (citations and alterations omitted); *see also Eagleman v. Shinn*, No. CV-18-

22   2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections

23   that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has

24   already addressed in the R&R, are not sufficient under [Rule] 72.").

25          Guinard asserts that he is "unable to address all of his grounds and subclaims due to

26   the 17-page limit" for his objection.  Doc. 39 at 2; *see id.* at 16.[6]  But instead of reasserting

27   _____

28          [6] Objections generally are limited to 10 pages, *see* LRCiv 7.2(e)(3), but Judge Burns
     allowed Guinard 17 pages for his objection, *see* Doc. 38 at 55.

1   his claims in the objection, Guinard should have made specific objections to Judge Burns's

2   findings and proposed rulings.  *See* Fed. R. Civ. P. 72(b)(2).

3       Moreover, as Judge Burns noted:

4       [The] habeas petition and supplement together form a 210-page document,
        which includes over 700 pages of exhibits.  Petitioner has also submitted a

5       478-page reply to Respondents' answer containing an additional 70 pages of
        exhibits.  In all, Petitioner alleges close to 100 claims.  In the first 28 pages

6       of his habeas petition and in the 17 pages comprising his supplement,

7       Petitioner presents his claims in a listing format.  In the remaining pages of
        his habeas petition, Petitioner attempts to support his claims in a 153-page

8       narrative that is, at best, difficult to follow and unintelligible at times.

9

10  Doc. 38 at 7.  The Court finds that extending the page limit for the objection beyond

11  17 pages would not have furthered the purposes of Rule 72 or assisted the Court in its

12  review of the R&R.  *See* Doc. 40 at 3 (noting that Respondents have had a difficult time

13  interpreting the Guinard's objection).

14      **C.    Guinard's Specific Objections.**

15      Guinard's objection is not easy to follow.  He presents several pages of narrative

16  regarding the injustices of his 2011 and 2012 convictions, sometimes referring to matters

17  in his petition, sometimes to the state court cases, and sometimes to Judge Burns's R&R.

18  Doc. 39 at 2-9.  It is not easy to determine which of Judge Burns's specific conclusions he

19  is objecting to, or precisely why, other than his continuing list of complaints about the state

20  proceedings. *Id.*

21      The objection states that it addresses only "some of the comments in the R&R."

22  Doc. 39 at 2.  And Guinard does specifically mention Judge Burns's findings on ground

23  five (a) (prosecutorial vouching), ground five (c) (defense counsel's failure to move for a

24  mistrial), ground five (g) (failure to object to a jury instruction), and ground eleven

25  (insufficient evidence for conviction).  *Id.* at 8-11, 13 (citing Doc. 38 at 30, 36-37, 43).

26  The Court will address these specific objections and, where possible, some of his general

27  concerns.[7]

28  ────────────

    [7] For example, Guinard asserts that his counsel's failure to object to vouching and

1

**1.      Ground Five (a) – Vouching.**

2        Ground five (a) alleges that trial counsel in the 2011 case was ineffective for failing

3   to object to prosecutorial vouching.  Doc. 1 at 13.  Judge Burns thoroughly addresses this

4   claim in the amended R&R, finding that the state court's denial of the claim was not

5   contrary to federal law nor based on an unreasonable determination of the facts.  Doc. 38

6   at 29-35.

7        Guinard asserts that Judge Burns erred in addressing only the vouching claim

8   alleged in his first direct appeal, and that he has "provided factual locations to all eleven

9   prosecutorial vouching" incidents.  Doc. 39 at 13.  But Guinard has not shown that he

10  exhausted his state court remedies with respect to the alleged vouching incidents that were

11  not raised in state court.

12       Moreover, Judge Burns correctly notes that the trial court instructed the jurors that,

13  "with respect generally to the witnesses you have heard testify, you must decide [the]

14  accuracy of each witness's testimony.  You may accept everything a witness says, or part

15  of it, or none of it."  Doc. 38 at 34 n.10 (citing Ex. H at 8).  The trial court also instructed

16  the jury that "[w]hat the lawyers say is not evidence, but it may help you understand the

17  law and the evidence."  *Id.* (citing Ex. H at 10).  The jury is presumed to have followed

18  these instructions.  *See id.*; *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (applying "the

19  almost invariable assumption of the law that jurors follow their instructions"); *Fields v.*

20  *Brown*, 503 F.3d 755, 782 (9th Cir. 2007) ("We presume that jurors follow the

21  instructions.") (citing *Richardson*); *Kipp v. Davis*, 971 F.3d 866, 882 (9th Cir. 2020) (same,

22  citing *Fields*).

23       To establish a claim of ineffective assistance of counsel, Guinard must show that

24  his counsel's performance was deficient under prevailing professional standards and that

25  he suffered prejudice as a result of counsel's deficient performance.  *Strickland v.*

26  *Washington*, 466 U.S. 668, 687-88 (1984).  To establish prejudice, a petitioner must show

27  _____

    failure to seek a mistrial (both discussed below), "[c]ombined with all the other cumulative
28  errors by counsel presented in the subclaims[,] justifies habeas review."  Doc. 39 at 10.
    But this general assertion of a cumulative effect fails to identify any specific error by Judge
    Burns that the Court can address.  *Warling*, 2013 WL 5276367, at *2.

1    a "reasonable probability that, but for counsel's unprofessional errors, the result of the

2    proceeding would have been different." *Id*. at 694.  Courts will not presume prejudice.  *See*

3    *Jackson v. Calderon*, 211 F.3d 1148, 1155 (9th Cir. 2000).  Given the trial court's clear

4    instructions that the jury was to assess witness credibility and that arguments of counsel

5    were not evidence, the Court cannot find a "reasonable probability that, but for counsel's

6    [failure to object to vouching], the result of the proceeding would have been different."

7    *Strickland*, 466 U.S. at 694.

8         The Arizona Court of Appeals addressed several alleged instances of vouching

9    during Guinard's trial in the 2011 case, in some detail.  *See State v. Guinard*, No. 1 CA-

10   CR 13-0490, 2014 WL 2548104, at *1-5 (Ariz. Ct. App. June 3, 2014).  The Court agrees

11   with Judge Burns that the state courts' denial of this claim was not contrary to federal law

12   nor based on an unreasonable determination of the facts.  Doc. 38 at 29-35.

13                     **2.      Ground Five (c) – Trial Counsel's Failure to Move for a Mistrial.**

14        Ground five (c) alleges that trial counsel in the 2011 case was ineffective in failing

15   to request a mistrial for "evidence not matching testimony," tampered-with evidence, and

16   the informant "violating his contract[.]"  Doc. 1 at 13.  Judge Burns notes that trial counsel

17   did move for a mistrial, and that Guinard presented similar ineffective assistance claims in

18   his PCR proceedings which the state court denied as not colorable.  Doc. 38 at 36.

19        Guinard objects to Judge Burns's comment that, to the extent ground five (c) is

20   based on counsel's failure to move for a new trial under Arizona Rule of Criminal

21   Procedure 24.1(c), the "claim is comprised of nothing more than bare conclusory

22   allegations[.]"  Doc. 39 at 10 (quoting Doc. 38 at 36).  But Judge Burns is correct that

23   Guinard fails to explain how this claim falls within one of the several grounds for relief set

24   forth in Arizona Rule 24.1(c)(1)-(5).  *See* Doc. 38 at 36.

25        Judge Burns also finds that ground five (c) fails because counsel could not have

26   been ineffective by failing to file a motion for a new trial where the evidence presented at

27   trial was sufficient to support the convictions.  As Judge Burns noted, to set aside a jury

28   verdict for insufficient evidence, it must clearly appear that upon no hypothesis whatsoever

1   is there sufficient evidence to support the conclusion reached by the jury. *See State v.*

2   *Arredondo*, 746 P.2d 484, 486 (Ariz. 1987).  Guinard's "mere allegation that conflicting

3   evidence and inconsistent testimony were insufficient to constitute a verdict goes against

4   the weight of the evidence presented here."  Doc. 38 at 37.  Guinard may believe the

5   evidence was inconsistent or tampered with, but he has not shown that under no

6   circumstances could a jury have found him guilty.  Nor has he shown a "reasonable

7   probability that, but for counsel's [failure to file a motion for new trial], the result of the

8   proceeding would have been different." *Strickland*, 466 U.S. at 694.[8]

9          The Court agrees with Judge Burns that Guinard has failed to show ineffective

10  assistance of counsel with respect to a motion for a mistrial or a motion for a new trial. *See*

11  Doc. 38 at 36-37.

12                 **3.       Ground Five (g) – Failure to Object to Jury Instruction.**

13         Ground five (g) alleges that trial counsel was ineffective for failing to object to a

14  preliminary jury instruction that mistakenly stated Guinard was charged with a sexual

15  offense.  Doc. 1 at 12.  Judge Burns correctly finds that Guinard has failed to show

16  prejudice under *Strickland* given that the misreading of the charges was a one-time mistake,

17  the clerk read the correct charges on the same day of trial, the final jury instructions stated

18  the correct charges and repeated the advisement (also given in the preliminary instructions)

19  that the jury should not consider the charges as evidence of guilt, and both the prosecutor

20  and defense counsel argued the correct charges.  Doc. 38 at 37-38.

21         In his objection, Guinard asserts that, "[f]or all we know," the jurors could have

22  thought that he had charges of a sexual nature in the past or that they were the pending

23  charges, and that "we don't know if any of [the jurors] had family members or were

24  sexually assaulted themselves."  Doc. 39 at 9.  But these arguments amount to speculation,

25  _____

26         [8] In response to Judge Burns's note that Guinard's trial counsel did in fact file a
    Rule 20 motion for a new trial in the 2011 case, Guinard agrees that his counsel filed such
27  a motion based on prior bad act evidence that was admitted at trial (another issue Guinard
    mentions from time to time throughout his objection), but he asserts that the state trial judge
    abused her discretion in denying the motion.  Doc. 39 at 11.  This argument does not show,
28  however, that a motion for new trial based on insufficient evidence in the 2011 case would
    have had a "reasonable probability" of success. *Strickland*, 466 U.S. at 694.

1  and federal "[h]abeas relief is not warranted where the claim is based on mere speculation."
2  *McCarty v. Kernan*, No. 2:19-cv-00223-TLN-KJN, 2021 WL 3630378, at \*18 (E.D. Cal.
3  Aug. 17, 2021); *see Cooks v. Spalding*, 660 F.2d 738, 740 (9th Cir. 1981) (a claim that
4  "amounts to mere speculation" does not warrant habeas corpus relief); *Thomas v. United*
5  *States*, No. CR-12-00523-02-PHX-DGC, 2021 WL 2105611, at \*5 (D. Ariz. May 25,
6  2021) ("self-serving speculation will not sustain an ineffective assistance claim") (citing
7  *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991)).

8  　　　　The Court agrees with Judge Burns that ground five (g) is without merit.  *See*
9  Doc. 38 at 37-38.

10  　　　　　　　**4.　　　　Ground Eleven – Insufficient Evidence.**

11  　　　　Guinard claims in ground eleven that there was insufficient evidence to sustain his
12  convictions in the 2012 case.  Doc. 1 at 24.  The Arizona Court of Appeals squarely rejected
13  this claim.  *See Guinard*, 2015 WL 4747890, at \*1-2.  Judge Burns finds that Guinard has
14  failed to show that that the Arizona Court of Appeals' decision is contrary to, or an
15  unreasonable application of, federal law.  Doc. 38 at 40-44 (citing *Jackson v. Virginia*, 443
16  U.S. 307, 324 (1979) (a sufficiency-of-the-evidence claim must be rejected unless "no
17  rational trier of fact could have found proof of guilt beyond a reasonable doubt"); *Cavazos*
18  *v. Smith*, 565 U.S. 1, 2 (2011) (a federal court may overturn a state court decision rejecting
19  a sufficiency-of-the-evidence challenge "only if the state court decision was 'objectively
20  unreasonable'"); *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011) (explaining that
21  under *Jackson* and the AEDPA, "there is a double dose of deference that can rarely be
22  surmounted")).

23  　　　　Guinard objects to Judge Burns's comment that his "conclusory allegations
24  claiming that there was insufficient evidence to sustain his conviction goes against the
25  weight of the evidence."  Doc. 39 at 11 (quoting Doc. 38 at 43).  But Judge Burns also
26  reviewed the evidence against Guinard and noted that "it is the province of the jury to
27  'resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable
28  inferences from basic facts to ultimate facts.'"  *Id.* (quoting *Jackson*, 443 U.S. at 319).  As

1    the Ninth Circuit has explained, "the question is not whether we are personally convinced

2    beyond a reasonable doubt.  It is whether rational jurors could reach the conclusion that

3    these jurors reached."  *Roehler v. Borg*, 945 F.2d 303, 306 (9th Cir. 1991) (citing *Jackson*,

4    443 U.S. at 326).

5        Guinard makes a few specific arguments, asserting that his voice is not on the

6    recording and that the informant was not credible.  Doc. 39 at 11-12.  But the Arizona

7    Court of Appeals rejected these specific arguments and found sufficient evidence to

8    support the jury's verdict:

9
10       On May 14, 2012, Detective J assisted the informant in setting up a
         "controlled buy" with Guinard.  Detective J recorded the informant's side of
11       a phone call with Guinard, and the informant could be heard saying, "Hey
         Jimbo" – Guinard's nickname – and asking to buy some "shit" – a slang term
12       for methamphetamine.  After the informant and Guinard established a
         meeting place, Detective J wired the informant, conducted a thorough search
13       of the informant and his Jeep for drugs and money, gave him $40 to buy the
         methamphetamine, and followed him to the meeting place.
14

15       Detective J saw the informant meet Guinard's brother in the parking lot and
16       observed the two walk to a parked truck.  Immediately after the controlled
         buy, the informant handed Detective J a baggie of methamphetamine, which
17       the informant said he had bought from Guinard. The baggie of
         methamphetamine the informant gave to Detective J looked like "it was
18       worth $40.00."   [The state] presented sufficient evidence supporting
         Guinard's convictions, and the superior court did not abuse its discretion in
19       denying his Rule 20 motion."
20
21              * * *

22       [W]hether the informant was credible was an issue for the jury to decide.
         And indeed, Guinard vigorously attacked the informant's credibility during
23       trial.  For example, in his cross-examination of the informant, Guinard
         highlighted several inconsistencies in the informant's testimony regarding the
24       May 2012 controlled buy.  Guinard also established the informant had failed
         drug tests in July, September, and November 2013, which resulted in a
25       probation violation and 60 days' imprisonment in early 2014.  The informant
26       testified his drug test results were positive for methamphetamine because of
         prescription drugs he was taking, but Guinard presented evidence
27       impeaching that testimony.  Further, Detective J and the informant both
28       testified the State had not polygraph or drug tested the informant.

1   *State v. Guinard*, No. 1 CA-CR 14-0810, 2015 WL 4747890, at *2 (Ariz. Ct. App. Aug. 11,

2   2015).[9]

3       Like Judge Burns, the Court cannot conclude that this decision by the Arizona Court

4   of Appeals is contrary to, or an unreasonable application of, federal law.  The Court agrees

5   with Judge Burns that ground eleven is without merit.  *See* Doc. 38 at 40-44.[10]

6   **VI.    Motions to Strike.**

7       Guinard has filed a reply to Respondents' response to the objection.  Doc. 41.

8   Respondents move to strike the reply because it is not permitted under the rules (Doc. 43),

9   and Guinard moves to strike Respondents' motion to strike (Doc. 44).  The Court has

10  considered Guinard's reply, and it does not affect the Court's analysis or rulings.  Both

11  motions to strike will be denied as moot.

12  **VII.   Certificate of Appealability.**

13      Guinard has moved for a certificate of appealability, essentially reasserting

14  arguments made in his petition.  Doc. 27.  Judge Burns recommends that a certificate of

15  appealability be denied.  Doc. 38 at 55.  Guinard has made no showing of the denial of a

16  constitutional right, and the Court concludes that no reasonable jurist would find that his

17  claims warrant federal habeas relief.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

18  U.S. 473, 484 (2000).  The Court accordingly will deny a certificate of appealability.

19      **IT IS ORDERED:**

20      1.      Judge Burns's amended R&R (Doc. 38) is **accepted**.

21

22      [9] Guinard similarly devotes portions of his objection to arguing that his 2011
    conviction was based on evidence that had been tampered with.  Doc. 39 at 3-4.  As Judge
23  Burns correctly notes, however, it is the province of the jury to "resolve conflicts in the
    testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to
24  ultimate facts." *Jackson*, 443 U.S. at 319.  Guinard does not show that the evidence related
    to the 2011 conviction could not have supported a reasonable jury verdict.  *See Jackson*,
25  443 U.S. at 324 (a sufficiency-of-the-evidence claim must be rejected unless "no rational
    trier of fact could have found proof of guilt beyond a reasonable doubt").
26
        [10] Guinard also argues briefly that his trial counsel should have filed a notice for
27  change of judge when he learned that Guinard had another criminal case before the same
    state trial judge.  Doc. 39 at 16.  But he does not show that his trial counsel fell below the
28  standard of care in making this highly strategic decision, nor that he suffered prejudice as
    a result.  *See Strickland*, 466 U.S. at 687-88.

1

2.    Guinard's habeas petition (Docs. 1, 6) is **denied**.

2

3.    Guinard's motion for a certificate of appealability (Doc. 27) is **denied**.

3

4.    The parties' motions to strike (Docs. 43, 44) are **denied**.

4

5.    The Clerk of Court is directed to enter judgment accordingly and terminate

5

this action.

6

Dated this 30th day of September, 2021.

7

8

9

10

David G. Campbell
Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28