WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmy Wayne Guinard, | No. CV-19-08155-PCT-DGC (MHB) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, Director of the Arizona Department of Corrections; and Attorney General of the State of Arizona, | |
| Respondents. | |

Petitioner Jimmy Guinard is confined in Arizona state prison. He commenced this federal action by filing a habeas corpus petition under 28 U.S.C. § 2254. Docs. 1, 6. Magistrate Judge Michelle Burns issued a report recommending that the Court deny the petition ("R&R"). Doc. 38. Guinard objected. Doc. 39.

In an order dated September 30, 2021, the Court accepted the R&R and denied the petition. Doc. 45. Guinard now asks the Court to reconsider that order. Doc. 47. The motion is fully briefed. Docs. 50, 53. The Court will deny the motion.

**I.     Background.**

   **A.     Guinard's State Court Convictions and Sentences.**

Guinard challenges his convictions and sentences in two Yavapai County Superior Court cases: No. P1300CR2011-01146 ("2011 case") and No. P1300CR2012-00975 ("2012 case"). In the 2011 case, a jury convicted Guinard of transporting dangerous drugs

for sale and possessing drug paraphernalia. Doc. 12-4 at 44-46; *see State v. Guinard*, No. 1 CA-CR 13-0490, 2014 WL 2548104, at *1 (Ariz. Ct. App. June 3, 2014). He was sentenced to an aggregate 20-year term of imprisonment. *Id.* The Arizona Court of Appeals affirmed the convictions and sentences, and the Arizona Supreme Court denied review. Docs. 1-1 at 24-68, 12-4 at 53-72. Guinard's petitions for post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure 32 were denied. Docs. 1-3 at 2-5, 34-35; 1-4 at 2-14, 22-39; 12-4 at 75-80; 12-5 at 2-8.

In the 2012 case, a jury convicted Guinard of transporting dangerous drugs for sale and possessing methamphetamine paraphernalia. *See State v. Guinard*, No. 1 CA-CR 14-0810, 2015 WL 4747890, at *1 (Ariz. Ct. App. Aug. 11, 2015). The trial court sentenced him to five years on the transportation count and eight months on the paraphernalia count. *See id.*; Doc. 12-8 at 25-26. The convictions and sentences were affirmed on appeal, *see Guinard*, 2015 WL 4747890, at *6, and the PCR petitions were denied, Docs. 1-6 at 18-45, 1-7 at 2-3, 12-8 at 53-62.

**B.     Guinard's Habeas Petition and Judge Burns's R&R.**

Guinard filed his habeas petition in May 2019. Doc. 1. The petition asserts twenty-one grounds for relief, with multiple subclaims alleged in most of the grounds. *Id.* at 8-34. In June 2019, Guinard filed a supplement that asserts additional subclaims. Doc. 6. Grounds one through ten address the convictions or sentences in the 2011 case, and the remaining grounds concern the 2012 case. Doc. 1 at 8-34. Guinard asserts violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights, and specifically alleges insufficient evidence and chain of custody issues; denial of an impartial jury; lowered standard of proof; ineffective assistance of trial, appellate, and PCR counsel; prosecutorial misconduct; judicial bias and malfeasance; entrapment; and compulsory process violations. *Id.*; Doc. 6 at 2-20; *see also* Doc. 38 at 7 & n.2.

In September 2020, Judge Burns recommended that the petition be denied. Doc. 23. Guinard filed an objection contending, among other things, that the claims asserted in his

supplement to the petition had not been addressed. Doc. 26 at 1. The Court referred the matter to Judge Burns to consider those supplemental claims. Doc. 32.

Judge Burns issued an amended R&R in May 2021. Doc. 38. She found that many of Guinard's claims are procedurally defaulted under 28 U.S.C. § 2254 because: (1) Guinard failed to present the claims to the Arizona Court of Appeals on direct review, to the trial court in a PCR petition, or to any state court (*id.* at 18-21); (2) the state courts invoked an independent and adequate state procedural rule in denying the claims – Guinard could have raised the claims on direct review but failed to do so, *see* Ariz. R. Crim. P. 32(a) (*id.* at 21-22); or (3) he failed to fairly present the federal bases for the claims to the state courts (*id.* at 22-23). Judge Burns further found that Guinard established no exception to the procedural default – he did not show the requisite cause and prejudice or a miscarriage of justice. *Id.* at 23-28; *see Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Schlup v. Delo*, 513 U.S. 298, 321 (1995). With respect to Guinard's remaining claims, Judge Burns found them to be conclusory, speculative, not cognizable under federal habeas law, or otherwise without merit. Doc. 38 at 28-54.

**II.     The Court's September 30 Order and Guinard's Motion for Reconsideration.**

The Court found Guinard's general objection to the R&R and his repetitive arguments to be improper because they were not specific to any of Judge Burns's findings or recommendations. Doc. 45 at 7-9. The Court found Guinard's specific objections to be without merit and therefore accepted the R&R and denied the habeas petition. *Id.* at 10-16. Guinard asks the Court to reconsider its order. Doc. 47.

Motions for reconsideration are disfavored and rarely granted. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Resolution Tr. Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). A motion for reconsideration will be denied absent a showing of manifest error or of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LRCiv 7.2(g)(1); *see United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The motion may not repeat previously made arguments.

1  *See id.*; *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (reconsideration cannot "be used to ask the Court to rethink what it has already thought through").  Mere disagreement with an order is an insufficient basis for reconsideration.  *Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008).

**A.  Guinard's General Objection and De Novo Review.**

Rule 72 requires that objections be "specific" to the findings and recommendations of the magistrate judge.  Fed. R. Civ. P. 72(b)(2).  Because an obvious purpose of this requirement is judicial economy – to permit magistrate judges to resolve matters not objectionable to the parties – the Court was required to make a de novo determination only of "those portions of [Judge Burns's R&R] to which objection is made."  28 U.S.C. § 636(b)(1)(C).

The Court found Guinard's "object[ion] to all adverse rulings in the R&R" (Doc. 39 at 1) to be an improper general objection.  Doc. 45 at 7 (noting that de novo review of the entire R&R would defeat the efficiencies intended by Congress in enacting § 636(b)(1)(C)).  The Court similarly found Guinard's rehashing of arguments previously made in his habeas briefing to be ineffective because it provided the Court "no guidance as to what portions of the R&R Guinard considers to be incorrect."  *Id.* at 8 (citation omitted).

Guinard claims that the Court "has denied [him] de novo review," as shown by the Court's comment that Judge Burns's R&R was thorough and thoughtful.  Doc. 47 at 1.  But the Court made that accurate observation only by way of background.  *See* Doc. 45 at 1.  The 56-page R&R was both thorough and thoughtful, but the Court did not deny de novo on that basis.  The Court instead carefully reviewed and considered the specific portions of the R&R to which Guinard objected.  *See id.* at 9-16; *see also* Doc. 50 at 5 (noting that "the Court appropriately conducted a de novo review with regard to all of the specific exceptions to the R&R Guinard raised in his objection").

As the Court previously explained, Guinard's objection was not easy to follow.  *Id.* at 9.  He presented several pages of narrative regarding the injustices of his 2011 and 2012

convictions, sometimes referring to matters in his petition, sometimes to the state court cases, and sometimes to Judge Burns's R&R. *See* Doc. 39 at 2-9. It was not easy to determine which of Judge Burns's specific conclusions he was objecting to, or precisely why, other than his continuing list of complaints about the state proceedings.

The objection itself made clear that it addresses only "some of the comments in the R&R." *Id.* at 2. Guinard specifically mentioned Judge Burns's findings on grounds five (a), (c), and (g), and ground eleven. *Id.* at 8-11, 13. The Court "address[ed] these specific objections and, where possible, some of [Guinard's] general concerns" about the alleged injustices of his 2011 and 2012 convictions. Doc. 45 at 9 & n.7.

Section 636(b)(1)(C) "makes it clear that the [Court] must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."). The requirement that objections be specific to the R&R is particularly important in this case given that Guinard asserts dozens of claims related to two different cases and the R&R spans more than 50 pages. *See* Doc. 45 at 8. Contrary to Guinard's assertion, the Court has not denied him the de novo review required under § 636(b)(1)(C).

Guinard further claims that Judge Burns erred in finding, for certain claims, that he failed to fairly present the federal basis of the claims to the state courts by either specifying particular provisions of the federal Constitution or statutes or by citing to federal case law. Doc. 47 at 1.[1] Guinard asserts that he raised constitutional violations and cited federal case law "in all of his state court pleadings," and that support for this fact "is located in the attachments to [his petition]." Doc. 47 at 2-4. Guinard made similar assertions in his objection, stating that his "position is set out in a cognizable manner" in his petition and

---

[1] Judge Burns made this finding with respect to grounds two, eight (subclaims (a)-(b)), nine (subclaims (b) and (k)), and twenty (subclaim (d)). Doc. 38 at 22-23.

- 5 -

replies, and that he has presented the Court with "factual locations throughout the record" of the alleged federal law violations. Doc. 39 at 2; *see id.* at 7, 13, 15 (citing generally Docs. 21, 22).

As Judge Burns noted, however, Guinard's habeas briefing spans more than 1,300 pages. Doc. 38 at 7; *see* Docs. 1, 6, 21, 22. His general reference to "all his state court pleadings" and "attachments to his petition" is not sufficiently specific. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010) ("We cannot declare . . . that the district court otherwise exceeded the permissible bounds of its discretion by failing to comb through the voluminous record searching for [evidence]. . . . It behooves litigants, particularly in a case with a record of this magnitude, to resist the temptation to treat judges as if they were pigs sniffing for truffles.").

The Court will deny Guinard's motion for reconsideration with respect to his argument that the Court improperly denied him de novo review of the entire R&R.

### B. Guinard's Specific Objections.

As noted, the Court considered and rejected Guinard's specific objections to the R&R – ground five (a) (prosecutorial vouching), ground five (c) (defense counsel's failure to move for a mistrial), ground five (g) (failure to object to a jury instruction), and ground eleven (insufficient evidence for conviction). *See* Doc. 39 at 8-11, 13 (citing Doc. 38 at 30, 36-37, 43); Doc. 45 at 9-15.

#### 1. Ground Five (a) – Vouching.

Ground five (a) alleges that trial counsel in the 2011 case was ineffective for failing to object to prosecutorial vouching. Doc. 1 at 13. Guinard asserted in his objection that Judge Burns erred in addressing only the vouching claim alleged in his first direct appeal, and that he has "provided factual locations to all eleven prosecutorial vouching" incidents. Doc. 39 at 13. The Court found ground five (a) to be without merit because: (1) Guinard failed to show that he exhausted his state court remedies with respect to the alleged

vouching incidents that were not raised in state court; (2) the trial court gave clear instructions that the jury was to assess witness credibility and that arguments of counsel were not evidence; and (3) the Arizona Court of Appeals addressed several alleged instances of vouching in some detail, and the state courts' denial of this claim was not contrary to federal law nor based on an unreasonable determination of the facts, *see* 28 U.S.C. § 2254(d). Doc. 45 at 10-11; *see also* Doc. 38 at 29-35; *Guinard*, 2014 WL 2548104, at *1-5.

Guinard now asserts that he "presented all the vouching incidents in his state PCR[s] and the supplements" (Doc. 47 at 2), but he cites nothing in the record to support that assertion. Moreover, he acknowledges that vouching incidents raised in his state PCR proceedings were deemed "barred because they were not raised on direct appeal." *Id.* Guinard has failed to show that Court erred in finding ground five (a) to be without merit. *See* Doc. 50 at 7 ("[I]n accepting the R&R's recommendation that Ground 5(a) be denied on its merits, this Court found that the ground failed under both a de novo, as well as 28 U.S.C. § 2254(d)(1) review.") (citing Doc. 45 at 10-11).

### 2. Ground 5 (c) – Counsel's Failure to Move for a Mistrial.

Ground five (c) alleges that trial counsel in the 2011 case was ineffective in failing to request a mistrial for "evidence not matching testimony" and tampered-with evidence. Doc. 1 at 13. Guinard objected to Judge Burns's comment that, to the extent ground five (c) is based on counsel's failure to move for a new trial under Arizona Rule of Criminal Procedure 24.1(c), the "claim is comprised of nothing more than bare conclusory allegations[.]" Doc. 39 at 10 (quoting Doc. 38 at 36). The Court found ground five (c) to be without merit because: (1) Guinard failed to explain how this claim falls within one of the several grounds for relief set forth in Arizona Rule 24.1(c)(1)-(5); (2) the evidence presented at trial was sufficient to support the convictions; and (3) Guinard failed to show ineffective assistance of counsel with respect to a motion for a mistrial or a motion for a new trial. Doc. 45 at 11-12.

Guinard contends that the prejudicial effect of "the tampered-with insufficient evidence" is obvious. Doc. 47 at 2. He claims that, "had the trial judge been made aware that the State used replacement evidence to obtain [the] conviction, there is a high probability that we would not be here today." *Id.* at 2-3.

But as previously explained, while "Guinard may believe the evidence was inconsistent or tampered with, . . . he has not shown that under no circumstances could a jury have found him guilty." Doc. 45 at 12; *see also* Doc. 38 at 37 (explaining that Guinard's "mere allegation that conflicting evidence and inconsistent testimony were insufficient to constitute a verdict goes against the weight of the evidence presented here"). Guinard has not shown that the Court erred in finding ground five (c) to be without merit.

### 3. Ground Five (g) – Failure to Object to Jury Instruction.

Ground five (g) alleges that trial counsel was ineffective for failing to object to a preliminary jury instruction that mistakenly stated Guinard was charged with a sexual offense. Doc. 1 at 12. Judge Burns found that Guinard had failed to show prejudice under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Doc. 38 at 37-38.

Guinard asserted in his objection that, "[f]or all we know," the jurors could have thought that he had charges of a sexual nature in the past or that they were the pending charges, and that "we don't know if any of [the jurors] had family members or were sexually assaulted themselves." Doc. 39 at 9. The Court found these arguments to be speculative and denied relief on ground five (g). Doc. 45 at 12-13.

Guinard contends that assuming the erroneous jury instruction was not prejudicial "would be speculation." Doc. 47 at 3. This argument simply illustrates the unsupported nature of Guinard's claim. He cannot demonstrate that he was prejudiced, and speculation in any direction does not warrant habeas corpus relief. *Cooks v. Spalding*, 660 F.2d 738, 740 (9th Cir. 1981); *see McCarty v. Kernan*, No. 2:19-cv-00223-TLN-KJN, 2021 WL 3630378, at *18 (E.D. Cal. Aug. 17, 2021) ("Habeas relief is not warranted where the claim is based on mere speculation."); *Thomas v. United States*, No. CR-12-00523-02-PHX-

DGC, 2021 WL 2105611, at *5 (D. Ariz. May 25, 2021) (noting that "speculation will not sustain an ineffective assistance claim").

What is more, Judge Burns correctly found that Guinard had failed to establish prejudice given that the misreading of the charges was a one-time mistake, the clerk read the correct charges on the same day of trial, the final jury instructions stated the correct charges and repeated the advisement (also given in the preliminary instructions) that the jury should not consider the charges as evidence of guilt, and both the prosecutor and defense counsel argued the correct charges. Doc. 38 at 37-38. Guinard provides no basis for the Court to reconsider its ruling on ground five (g).

### C. Ground Four – Eighth Amendment Violation.

Ground four alleges that the sentence to "20 flat years" in the 2011 case was excessive and violates the Eighth Amendment's prohibition of cruel and unusual punishment. Doc. 1 at 11. Judge Burns found ground four to be procedurally defaulted without excuse. Doc. 38 at 18-21. Because Guinard did not specifically object to this finding (*see* Doc. 39), the Court accepted Judge Burns's recommendation that ground four be denied. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

Guinard essentially reasserts ground four in the present motion, claiming that his sentence constitutes cruel and unusual punishment. Doc. 47 at 4. But he offers no argument as to why the Court's adoption of the recommendation that ground four be denied as procedurally barred is erroneous. *See* Doc. 50 at 8. The Court will deny the motion in this regard.

### D. Conclusion.

Because Guinard has made no showing of manifest error or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence, his motion for reconsideration will be denied. LRCiv 7.2(g)(1); *see Ekweani v. Ameriprise Fin., Inc.*, 444 F. App'x 968, 969 (9th Cir. 2011) ("The district court did not abuse its discretion in denying Mr. Ekweani's motion for reconsideration of the order granting summary judgment . . . because [he] failed to show grounds warranting

reconsideration.") (citing D. Ariz. LRCiv 7.2(g)); *S.E.C. v. Kuipers*, 399 F. App'x 167, 171 (9th Cir. 2010) (affirming the denial of reconsideration where "[t]he district court did not abuse its discretion in finding an inadequate 'showing of new facts or legal authority'") (citation omitted).

### III.    Guinard's Motion for Extension of Time to File Notice of Appeal.

Guinard moves the Court to extend the time for him to file a notice appeal. Doc. 48. The motion will be denied as moot.

Guinard filed a notice of appeal on November 1, 2021. Doc. 51. The Ninth Circuit deemed the notice ineffective and stayed appellate proceedings until the Court decided Guinard's motion for reconsideration. Doc. 54. To timely challenge the Court's decision on that motion, which is set forth in this order, Guinard must file an amended notice of appeal within the time set by Federal Rule of Appellate Procedure 4. *Id.* (citing Fed. R. App. P. 4(a)(4)).

**IT IS ORDERED:**

1.    Guinard's motion for reconsideration (Doc. 47) is **denied**.

2.    Guinard's motion for extension of time to file notice of appeal (Doc. 48) is **denied** as moot.

Dated this 9th day of December, 2021.

David G. Campbell
Senior United States District Judge